# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEE PRESSER, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CABLEVISION SYSTEMS CORPORATION and NEPTUNE HOLDINGS US CORP. n/k/a ALTICE USA, INC.,<br><br>　　　　　　　　　Defendants. | Civil Action No.: 19-cv-05484<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lee Presser ("Plaintiff"), on behalf of himself and all others similarly situated, on personal knowledge as to the facts concerning himself, and on information and belief as to all other matters, and based on the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel and public statements, brings this class action against Cablevision Systems Corporation ("Cablevision") and Neptune Holdings US Corp. n/k/a Altice USA, Inc. ("Altice") (collectively "Defendants")

## NATURE OF THE ACTION

1.　　This class action arises from Defendants' deceptive and misleading billing practices related to consumers' cancellation of cable, telephone, and internet services and their deceptive and improper notice to consumers about this change.

2.　　Defendants provide cable, internet, and telephone services in New York, New Jersey, and Connecticut under the brand name "Optimum." Prior to October 2016, Defendants' termination policy was as follows: termination was effective on the date an Optimum customer contacted Defendants to discontinue these services, and Defendants credited the customer's account for services past the cancellation date on a pro rata basis.

3. On October 10, 2016, Defendants adopted a new cancellation policy. According to the new policy, "Service cancellations are effective on the last day of the then-current billing cycle."[1]

4. Defendants did not provide separate written notice of this change in their billing policy, as is required by New York and Connecticut law. The Compilation of Codes, Rules and Regulations of the State of New York provides that "[e]very cable television company shall provide notice to subscribers of its billing practices and payment requirements . . . Notice shall be in the *form of **a separate written notice*** and shall be provided . . . to all subscribers at least 30 days in advance of any significant change in such billing practices or payment requirements." N.Y. Comp. Codes R. & Regs. tit. 16, § 890.80 (emphasis added). Likewise, the Regulations of Connecticut State Agencies provide that each cable television company "shall give notice to the department, its advisory council, and each subscriber not less than forty-five days prior to implementing any changes in [billing] practices." Regs. Conn. State Agencies § 16-333-9d. However, Defendants did not provide consumers with separate written notice of this change in their billing policy.

5. Moreover, New Jersey Administrative Code § 14:18-3.8 covers methods of billing for cable television companies and provides that "initial and final bills shall be prorated as of the date of the initial establishment and final termination of service." As a result of Defendants' new cancellation policy, consumers are billed for the entirety of their final billing cycle even if they cancel their service and return their equipment on the first day of that billing period, in violation of New Jersey Law. Upon information and belief, the New Jersey Board of Utilities is currently conducting an investigation into Defendants' noncompliance with this statute.

---

[1] https://www.optimum.net/pages/terms/generalTOSnotice.html.

6. Plaintiff was enrolled in Defendants' telephone, cable, and internet services. Like members of the Class, Plaintiff canceled his services and returned his equipment before the end of his then-current billing cycle, but was nevertheless charged for all services through the end of his final billing period.

7. Defendants deceptively changed their billing practices to increase profits on the backs of consumers and failed to provide proper notice to consumers. This lawsuit seeks restitution for customers who cancelled their Optimum services within a billing period, but were nevertheless charged for the entire 30-day billing cycle without proper notice.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this District, and Plaintiff formerly subscribed to Defendants' telephone, cable, and internet services in this District.

10. All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendant.

## PARTIES

11. Plaintiff Lee Presser is a citizen of New York who resides in Katonah, New York. Mr. Presser was enrolled in Defendants' telephone, cable, and internet services from December 2014 until January 26, 2019, when he cancelled his services and returned all of his equipment. Plaintiff enrolled in Defendants' telephone, cable, and internet services in or around December 2014. Around this same time, Plaintiff enrolled in Defendants' automatic payment option.

Plaintiff received a monthly billing statement for all three services at his home address.  In mid-January 2019, Mr. Presser made the decision to switch to another service provider.  On January 26, 2019, Plaintiff called Defendants to inform them that he was cancelling his service and returned his equipment to the Optimum retail location in Peekskill, New York.  At that time, Mr. Presser was informed that because his Optimum billing period had begun three days prior, on January 23, 2019, he would be responsible for paying for his internet and cable service through the end of the billing period, on February 22, 2019.  Prior to returning his equipment to Defendants, Plaintiff did not know that he would continue to be charged after canceling his services and returning his equipment.  Plaintiff did not receive any separate written notice of Defendants' change in billing practices.  Had Plaintiff known that he would be required to pay for all services through the end of his billing cycle, he would have returned his equipment before the end of his then-current billing period, so that he would not have incurred additional charges for services which he was unable to access, or he would have canceled his service prior to Defendants' change in billing practice taking effect.

12.     Defendant Cablevision is a Delaware corporation with a principal place of business at One Court Square, Long Island City, New York 11101.  Cablevision provides telecommunication services, including television, internet and phone services.  Cablevision serves customers in the New York metropolitan area under its Optimum brand name.  Cablevision operates at least seventeen Optimum stores in the state of New York and permits customers to pay their monthly bills in person at each of these locations.  Optimum's Terms of Service are governed by the laws of the state of New York.  Cablevision is a wholly owned subsidiary of Altice.

13. Defendant Altice is a Delaware corporation with a principal place of business at One Court Square, Long Island City, New York 11101. Altice provides telecommunication services, including television, internet and phone services.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings all claims as class claims under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

15. Plaintiff brings his New York General Business Law §349 claim on behalf of a proposed nationwide class ("Nationwide Class"), defined as follows:

> All natural persons residing in the United States who subscribed to Defendants' Optimum services prior to October 10, 2016 and cancelled their services before the end of their then-current billing period, but were charged for the entire final billing cycle.

16. Plaintiff also brings his claims under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.* on behalf of a proposed statewide subclass ("**New Jersey Subclass**"), defined as follows:

> All natural persons residing in New Jersey who subscribed to Defendants' Optimum services prior to October 10, 2016 and cancelled their services before the end of their then-current billing period, but were charged for the entire final billing cycle.

17. Plaintiff also brings his claims under the Connecticut Unfair Trade Practices Act, C.G.S.A §§ 42-110a, *et seq.* on behalf of a proposed statewide subclass ("**Connecticut Subclass**"), defined as follows:

> All natural persons residing in Connecticut who subscribed to Defendants' Optimum services prior to October 10, 2016 and cancelled their services before the end of their then-current billing period, but were charged for the entire final billing cycle.

18. The Nationwide Class, the New Jersey Subclass, and the Connecticut Subclass are referred to, collectively, as the Classes.

19. Excluded from the Classes are: the Defendants; any of their corporate affiliates; any of their directors, officers, or employees; any persons who timely elect to be excluded from any of the Classes; any government entities; and any judge to whom this case is assigned and their immediate family and court staff.

20. Plaintiff does not know the exact number of members in the Classes, but believes that there are hundreds of thousands of members.

21. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a) Whether Defendants are responsible for the conduct alleged herein which was uniformly directed at all consumers who canceled their Optimum services;

(b) Whether Defendants' misconduct set forth in this Complaint demonstrates that Defendants have engaged in unfair, fraudulent, or unlawful business practices with respect to their change in billing practices for consumers who canceled their services;

(c) Whether Defendants' misconduct set forth in this Complaint demonstrates that Defendants have engaged in unfair, fraudulent, or unlawful business practices with respect to their notice to consumers about their change in billing practices for consumers who canceled their services;

(d) The appropriate injunctive and related equitable relief for the Classes; and

(e) The appropriate class-wide measure of damages for the Classes.

22. Plaintiff's claims are typical of the claims of the Class members, and Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff and all members of the Classes are similarly affected by Defendants' deceptive, misleading conduct.

23. Plaintiff's claims arise out of the same common course of conduct giving rise to the claims of the other Class members.

24. Plaintiff's interests are coincident with, and not antagonistic to, those of the other Class members.

25. Plaintiff is represented by counsel competent and experienced in the prosecution of consumer protection and tort litigation.

26. The questions of law and fact common to the Class members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

27. Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense of numerous individual actions. The benefits of proceeding as a class, including providing injured persons or entities with a method for obtaining redress for claims that might not be practicable to pursue individually, substantially outweigh any potential difficulties in managing this class action.

## COUNT I
**New York General Business Law, N.Y. Gen. Bus. Law § 349,** *et seq.*

28. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully set forth herein.

29. Plaintiff brings Count I on behalf of himself and the Nationwide Class.

30. Defendants engaged in deceptive acts or practices in the conduct of its business, trade, and commerce or furnishing of services, in violation of N.Y. Gen. Bus. Law § 349, including:

(a) Deceptively and misleadingly changing their billing practices in connection with the termination of services; and

(b) Failing to comply with common law and statutory duties pertaining to the manner of providing notice of such changes to customers.

31. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers because consumers do not expect to pay for services after cancellation and consumers expect to receive clear written notice of any changes to billing practices.

32. Defendants acted intentionally, knowingly, and maliciously to violate New York's General Business Law, and recklessly disregard Plaintiff and class members' rights.

33. As a direct and proximate result of Defendants' deceptive and unlawful acts and practices, Plaintiff and class members have suffered ascertainable loss of money or property, and monetary and non-monetary damages, including time and expenses related to disputing Defendants' billing practices.

34. Defendants' deceptive and unlawful acts and practices complained of herein affected the public interest and consumers at large, including the thousands of Defendants' New York-based customers.

35. The above deceptive and unlawful practices and acts by Defendants caused substantial injury to Plaintiff and class members that they could not reasonably avoid.

36. Plaintiff and class members seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $50 (whichever is greater), treble damages, injunctive relief, and attorneys' fees and costs.

## COUNT II
**New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1,** *et seq.*

37. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

38. Plaintiff brings Count II on behalf of himself and the New Jersey Class.

39. Defendants engaged in deceptive acts or practices in the conduct of its business, trade, and commerce or furnishing of services, in violation of New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*, including:

  (a) Deceptively and misleadingly changing their billing practices in connection with the termination of services;

  (b) Failing to comply with common law and statutory duties to prorate customers' bills as of the date of termination of service; and

  (c) Failing to comply with common law and statutory duties pertaining to the manner of providing notice of such changes to customers.

40. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers because consumers do not expect to pay for services after cancellation and consumers expect to receive clear written notice of any changes to billing practices.

41. Defendants acted intentionally, knowingly, and maliciously to violate the New Jersey Consumer Fraud Act, and recklessly disregard Plaintiff and class members' rights.

42. As a direct and proximate result of Defendants' deceptive and unlawful acts and practices, Plaintiff and class members have suffered ascertainable loss of money or property, and monetary and non-monetary damages, including time and expenses related to disputing Defendants' billing practices.

43. Defendants' deceptive and unlawful acts and practices complained of herein affected the public interest and consumers at large, including the thousands of Defendants' New Jersey-based customers.

44. The above deceptive and unlawful practices and acts by Defendants caused substantial injury to Plaintiff and class members that they could not reasonably avoid.

45. Plaintiff and class members seek all monetary and non-monetary relief allowed by law, including actual damages and equitable relief, including injunctive relief.

## COUNT II
### Connecticut Unfair Trade Practices Act, C.G.S.A §§ 42-110a, *et seq.*

46. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

47. Plaintiff brings Count III on behalf of himself and the Connecticut Class.

48. Defendants engaged in deceptive acts or practices in the conduct of its business, trade, and commerce or furnishing of services, in violation of Connecticut Unfair Trade Practices Act, C.G.S.A §§ 42-110a, *et seq.*, including:

    (a) Deceptively and misleadingly changing their billing practices in connection with the termination of services; and

    (b) Failing to comply with common law and statutory duties pertaining to the manner of providing notice of such changes to customers.

49. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers because consumers do not expect to pay for services after cancellation and consumers expect to receive clear written notice of any changes to billing practices.

50.     Defendants acted intentionally, knowingly, and maliciously to violate the Connecticut Unfair Trade Practices Act, and recklessly disregard Plaintiff and class members' rights.

51.     As a direct and proximate result of Defendants' deceptive and unlawful acts and practices, Plaintiff and class members have suffered ascertainable loss of money or property, and monetary and non-monetary damages, including time and expenses related to disputing Defendants' billing practices.

52.     Defendants' deceptive and unlawful acts and practices complained of herein affected the public interest and consumers at large, including the thousands of Defendants' Connecticut-based customers.

53.     The above deceptive and unlawful practices and acts by Defendants caused substantial injury to Plaintiff and class members that they could not reasonably avoid.

54.     Plaintiff and class members seek all monetary and non-monetary relief allowed by law, including actual damages and equitable relief, including injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.  For an order certifying the Classes and appointing Plaintiff and his Counsel to represent the Classes;

b.  For an order enjoining Defendants from engaging in the wrongful conduct alleged herein concerning its billing practices;

c.  For an award of compensatory, statutory, and punitive damages, in an amount to be determined;

d.  For an order finding in favor of Plaintiff, the Nationwide Class, the New Jersey Subclass, and the Connecticut Subclass on all counts asserted herein;

e.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

f.  For prejudgment interest on all amounts awarded;

g.  For an order of restitution and all other forms of equitable monetary relief;

h.  For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

i.  For an order awarding Plaintiff and the Nationwide Class, New Jersey Subclass, and Connecticut Subclass their reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.


Dated:  June 12, 2019                Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s/ *Philip L. Fraietta*
         Philip L. Fraietta

Scott A. Bursor
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail:  scott@bursor.com
              pfraietta@bursor.com

*Attorneys for Plaintiff*